# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

ANTOINE JOHNSON, # 366-320,

    Plaintiff,

    v.

MIKE,
JANE/JOHN DOE,

    Defendants.

Civil Action No. ELH-18-3411

## **MEMORANDUM**

On November 6, 2018, this Court issued an Order requiring counsel for the Department of Public Safety and Correctional Services to show cause why Plaintiff's request for injunctive relief mandating treatment for an ankle injury should not be granted. ECF 3. Counsel's Response indicates that Plaintiff has received diagnostic testing and treatment for his injured ankle, which is not fractured. ECF 5; ECF 5-1; ECF 5-2.

Because the Response is supported by statements under oath and verified business records, it was construed as a Motion for Summary Judgment. ECF 6. In an Order of November 21, 2018, plaintiff was provided 28 days in which to respond to the allegations contained therein.[1] *Id.* Plaintiff has failed to respond.

A preliminary injunction is an "extraordinary and drastic remedy." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008). It requires a movant to demonstrate: 1) that he is likely to succeed on the merits; 2) that he is likely to suffer irreparable harm in the absence of preliminary relief; 3) that

---

[1] Plaintiff was forewarned that failure to respond would result in dismissal of the Complaint. ECF No. 6 at 2.

the balance of equities tips in his favor; and 4) that an injunction is in the public interest. *See Winter v. Nat. Resources Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *The Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346 (4th Cir. 2009), vacated on other grounds, 559 U.S. 1089 (2010), reinstated in relevant part on remand, 607 F.3d 355 (4th Cir. 2010) (per curiam). "Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with [the Supreme Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22 (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (*per curiam*)). Here, plaintiff promptly received a medical assessment of his sore ankle, and an x-ray obtained several days later revealed no fracture, dislocation, or subluxation. ECF 5-2. Plaintiff does not dispute that medical treatment – the sole relief sought in the Complaint -- has been rendered.

Article III of the Constitution limits the judicial power to "actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990) (citations omitted). A case becomes moot when the issues presented are "no longer 'live' or the parties lack a legally cognizable interest in the outcome." *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (quoting *Los Angeles County v. Davis*, 440 U.S. 625, 631 (1979)). Where injunctive or declaratory relief is requested in a prisoner's complaint, it is possible for events occurring subsequent to the filing of the complaint to render the matter moot. *See Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (transfer of prisoner moots his Eighth Amendment claims for injunctive and declaratory relief); *see also Slade v. Hampton Rd's Reg'l Jail*, 407 F.3d 243, 248–49 (4th Cir. 2005) (pretrial detainee's release moots his claim for injunctive relief); *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987) (holding that the transfer of a prisoner rendered moot his claim for injunctive relief). Plaintiff has

received the care requested; thus, the case has been rendered moot.

An Order follows.


Date:  January 29, 2019 /s/
Ellen L. Hollander
United States District Judge